IN THE UNITED STATES DISTRICT COURT
FOR THE WESTRN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN NICOL,<br>        Plaintiff,<br><br>vs.<br><br>RACHEL MOROCCO; ROBERT SPECHT; MICHAEL J. DeRISO; and JIM SMITH,<br>        Defendants. | Civil Action No. 16-202<br>Chief Judge Joy Flowers Conti/<br>Chief Magistrate Judge Maureen P. Kelly |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that, pursuant to the screening provisions of the Prison Litigation Reform Act, Plaintiff's Complaint be dismissed before being served upon the Defendants because the Complaint fails to state a claim upon which relief can be granted.

### II. REPORT

#### A. FACTUAL BACKGROUND

At the time of the initiation of the present civil action, Kevin Nicol ("Plaintiff") was a federal prisoner, incarcerated at the Federal Correctional Institution in Morgantown, West Virginia. Plaintiff has filed a civil rights Complaint, naming four defendants: Rachel Morocco, Robert Specht, Michael J. DeRiso, and Jim Smith. Rachel Morocco, Robert Specht and Michael J. DeRiso are attorneys who Plaintiff retained to represent him in criminal proceedings regarding a drug investigation, which eventually lead to criminal charges to which Plaintiff pleaded guilty

in this Court. U.S.A. v. Spickle et al., No. 2:12-cr-296-JFC-2 (W.D. Pa.).[1] Jim Smith was, according to the Complaint, a paralegal working for one of the attorneys, but the Complaint did not specify which attorney. All of the Defendants were involved in Plaintiff's criminal proceedings, which occurred from September 28, 2012, according to the Complaint, until, at the latest, September 24, 2013 when Plaintiff was delivered into custody of the federal Bureau of Prisons. U.S.A. v. Spickle et al., No. 2:12-cr-296 (ECF No. 90).

Because Plaintiff sues the Defendants for allegedly violating his federal constitutional rights and because none of the Defendants act under color of federal law as is required to state a claim under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), the Complaint should be dismissed for failure to state a claim upon which relief can be granted. In the alternative, because the Complaint reveals on its face that the statute of limitations bars this lawsuit, the Complaint should be dismissed pre-service for failure to state a claim upon which relief can be granted.

B. APPLICABLE LEGAL PRINCIPLES

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners, in an effort to curb the increasing number of frivolous and harassing lawsuits brought by persons in custody. The PLRA permits courts to screen complaints filed by prisoners and dismiss them before they are served if the complaints fail to state a claim or are frivolous or malicious. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a prisoner who

---

[1] The Court takes judicial notice of the docket in Plaintiff's criminal case which is available on PACER.

https://ecf.pawd.circ3.dcn/cgi-bin/DktRpt.pl?100101007295996-L_1_0-1

(site last visited 3/1/2016).

has been granted IFP status, ECF No. 2, the screening provisions of the PLRA apply. See 28 U.S.C. §1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that – (A) the allegation of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

In performing the Court's mandated function of *sua sponte* review of complaints under 28 U.S.C. § 1915(e) to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Brodzki v. Tribune Co., 481 F. App'x 705 (3d Cir. 2012) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)).

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under this standard, the court must, as a general rule, accept as true all factual allegations of the complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994). Moreover, under the 12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit."

3

Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), *amended by,* 275 F.3d 1187 (9th Cir. 2001). The court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Twombly, 550 U.S. at 555. Or put another way, a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

**C. DISCUSSION**

**1. The Allegations of the Complaint**

Plaintiff's Complaint alleges wrongdoing by the four Defendants whom he asserts were involved in a conspiracy against Plaintiff. Plaintiff alleges the following:

> Rachel Morocco, Robert Specht, Michael Deriso, Jim Smith, all acted in unison to commit a drug conspiracy. Upon my arrest for distribution of Methamphetamine,

4

> I hired Morocco & Morocco while incarcerated prior to release on bond. Rachel Morocco kept telling me that my residence would be searched a second time and if I had any drugs or money hidden, to tell her and she would take care of it by removing it. The police had completely searched my residence upon my arrest. They found 56 Thousand Dollars in cash and 4 ounces of Methamphetamine. After much discussion with Rachel Morocco I informed her that there was an additional one hundred thousand dollars in cash in my house and two pounds of Methamphetamine in my garage with a value of one hundred thousand dollars. Rachel Morocco entered my residence while I was incarcerated and removed the drugs and said she only found six thousand dollars in cash. She did not turn these findings over to the police but either sold[,] used, or destroyed the drugs while giving me the six thousand dollars. Ninty [sic] Four Thousand dollars went missing.
>
> Robert Specht , Jim Smith and Michael Deriso all knew of the removal of the drugs and money. Upon my profer [sic] to the DEA they had me state that I myself removed the drugs. In reality I was incarcerated at the time Rachel Morocco did this act. The four participants in this suit did conspire to commit a felony and have a client lie to a federal agent. The participants also charged the Plaintiff one hundred and twenty thousand dollars to have him sign a plea agreement. These actions were more than misconduct but criminal.

ECF No. 1-1 at 3, 5.

Plaintiff utilized the Form Complaint provided by the Clerk's Office. In response to the question as to the date of the event giving rise to this lawsuit, Plaintiff responded September 28, 2012. Id. at 3. As to what federal law Plaintiff claims was violated, Plaintiff responded "conspiracy." Id. Plaintiff also filed a "Brief in Support of Civil Action Complaint Under 42 U.S.C. § 1983" (the "Brief"). In the Brief, Plaintiff expanded upon his allegations and asserted that "[t]his claim is not only malpractice in this civil case but the defendants failed in their professional obligations to Plaintiff and thereby violated his constitutional rights to due process and equal protection." ECF No. 1-2 at 5.

**2. The Defendants do not act under color of federal law.**

As an initial matter, we note that even though Plaintiff invokes 42 U.S.C. § 1983 as the jurisdictional basis for this suit, because Plaintiff is suing his lawyers who were involved in the federal criminal proceedings against him and because he alleges that they violated his federal

5

constitutional rights, the proper jurisdictional basis here is not Section 1983 but <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971). <u>Curtis v. Barber</u>, 833 F.2d 1011 (Table), 1987 WL 38884, *1 (6th Cir. 1987)(in a federal prisoner's civil rights suit against his privately retained attorney who represented him in a federal criminal trial, the court held that "[b]oth §§ 1983 and 1985 are inappropriate because of the absence of state action. Under a liberal construction, the facially correct cause of action is a *Bivens* suit. However, a *Bivens* action must fail because there is no federal action: privately retained counsel do not act under color of law."). In order to state a claim for relief under <u>Bivens</u>, the Complaint must reveal that a plaintiff's federal constitutional rights were violated by the defendants who were acting under color of federal law. See <u>id.</u> Plaintiff's complaint fails to reveal action under color of federal law.

The analysis and conclusion under either <u>Bivens</u> or Section 1983, is the same, attorneys acting in the course of representing or failing to adequately represent criminal defendants in criminal proceedings do not act under color of federal or state law as is required to state a claim under <u>Bivens</u> (federal law) or Section 1983 (state law). See, e.g., <u>id.</u>; <u>Christian v. Crawford</u>, 907 F.2d 808, 809 (8th Cir. 1990)("attorneys do not act under color of state or federal law when representing clients, and therefore relief cannot be obtained under either section 1983 or *Bivens*"); <u>Simmons v. Ayers</u>, 878 F.2d 386 (Table), 1989 WL 71449, *1 (9th Cir. 1989) ("attorneys do not act under color of state or federal law when representing clients").

The very same rule applies to paralegals who are employed by or acting under criminal defense attorneys, such as Defendant Smith. <u>Mosley v. Tate</u>, No. 3:13-CV-66-RJC, 2013 WL 653271, at *5 (W.D.N.C. Feb. 21, 2013) ("as for Plaintiff's private attorney Melissa Owen, paralegal Marie Sequin, and Plaintiff's court-appointed attorney Kevin Tate, an attorney (or paralegal), whether retained, court-appointed, or a public defender, does not act under color of

state or federal law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983, or under the *Bivens* doctrine.") (citing Polk Cnty. v. Dodson, 454 U.S. 312 (1981)); Davidson v. Ratliff, No. 4:11–1072–RBH–SVH, 2011 WL 3678679, at *2 (D.S.C. June 3, 2011) (private counsel and paralegal were not acting under color of state law under 42 U.S.C. § 1983)).

Accordingly, because Plaintiff alleges in the Complaint that the Defendants violated his federal rights under the United States Constitution and the Defendants do not act under color of federal law as a matter of law, the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

### 3. The Complaint is time-barred.

In the alternative, Plaintiff's claims are dismissible on the ground that the claims are time-barred.

All of Plaintiff's allegations of wrongdoing concern actions or inactions taken by the Defendants in the course of Plaintiff's criminal proceedings. We note that Plaintiff's allegations relate to actions apparently taken prior to his final incarceration after sentencing which occurred no later than September 24, 2013. U.S.A. v. Spickle et al., No. 2:12-cr-296-JFC-2 (W.D. Pa. ECF Nos. 77 & 90). The latest-in-time allegation which Plaintiff makes is that "after he was sentenced, [which occurred on August 13, 2013, the Defendants] lie[d] to him once again and charge[d] him another twenty thousand dollars to get his time reduced in a Rule 35 Motion. Plaintiff again, trusting these people, paid them."). This apparently occurred no later than August 14, 2013 as evidenced by Plaintiff's Authorization Agreement, of that same date, which authorizes the release of $20,000 to Defendants. ECF No. 1-3.

The United States Court of Appeals for the Third Circuit has declared that for actions brought pursuant to Bivens which arise within the boundaries of Pennsylvania, as does this case, the appropriate statute of limitations is two years. See Keys v. U.S. Dep't of Justice, 285 F. App'x 841, 842 (3d Cir. 2008) ("Keys' constitutional claims under *Bivens* against any individuals are barred because they are subject to Pennsylvania's two-year statute of limitations for personal injury actions"). See also Napier v. Thirty or More Unidentified Fed. Agents, 855 F.2d 1080, 1087 n. 3 (3d Cir. 1988) (Bivens actions governed by forum state's statute of limitations for personal injury actions). The statute of limitations requires that a complaint be filed within its time limits from the time a cause of action accrues. See Sprint Communications Co., L.P. v. F.C.C., 76 F.3d 1221, 1226 (D.C. Cir. 1996).

A United States District Court may *sua sponte* raise the statute of limitations in screening a complaint so long as the statute of limitations defect is apparent from the face of the complaint and/or from matters of which judicial notice may be had. See, e.g., Mumma v. High–Spec, 400 F. App'x 629, 631 n. 1 (3d Cir. 2010); Dellis v. Corrections Corp. of America, 257 F.3d 508, 511 (6th Cir. 2001); Tate v. United States, 13 F. App'x 726 (9th Cir. 2001). In the instant case, the bar of the statute of limitations is apparent from the face of the Complaint and matters of which judicial notice may be taken.

Pursuant to the prisoner mail box rule, the earliest that Plaintiff is deemed to have filed the instant Complaint is February 22, 2016, the date he signed his IFP Motion. ECF No. 1 at 1. The latest date of alleged wrongdoing by the Defendants, as set forth in the Complaint, is September 24, 2013. Thus, at the latest, his cause of action accrued on September 24, 2013, given he knew at that time his attorneys and paralegal allegedly stole from him and induced him to lie to federal agents. Plaintiff had two years from that date, until September 24, 2015, to file a

Complaint. He failed to do so. In light of the fact that the instant Complaint was not filed until February 22, 2016, five months after the statute of limitations ran, the Complaint is barred by the two year statute of limitations and must be dismissed for failure to state a claim upon which relief can be granted.

**III. CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the Complaint be dismissed before being served pursuant to the screening provisions of the PLRA for failing to state a claim upon which relief can be granted. The dismissal should be with prejudice as amendment would be futile.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

           Respectfully submitted:

           s/Maureen P. Kelly
           MAUREEN P. KELLY
           CHIEF UNITED STATES MAGISTRATE JUDGE

Date: March 11, 2016

cc:  The Honorable Joy Flowers Conti
   Chief United States District Judge

KEVIN NICOL
33908-0068
MORGANTOWN
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
MORGANTOWN, WV 26507